SECOND NAT. BANK, WASHINGTON, D. C., et al. v. YANKOU et al.

(Court of Appeals of District of Columbia. Submitted February 5, 1925. Decided March 2, 1925.)

No. 4135.

**1. Partnership ⊜181—Debt held that of individual partner, not entitled to share with partnership debts in proceeds of receiver's sale of business.**

Where creditor of one engaged in business, on sale of half interest of such business and formation of partnership, continued to treat his debt as debt of individual partner, and secured chattel lien on undivided interest of his debtor in the partnership business, the debt remained individual debt, not entitled to share pro rata with partnership debts in proceeds of receiver's sale of business.

**2. Partnership ⊜178—Debt held that of partnership, entitled to share in proceeds of receiver's sale.**

Where creditor of one engaged in business, after sale of half interest in such business and formation of partnership, took renewal notes in name of individual partner, indorsed in firm's

name by him, debt became debt of partnership, entitled to share pro rata with other debts in proceeds of receiver's sale of business.

*Appeal from Supreme Court of District of Columbia.*

In the matter of the receivership of George Peters and Michael Yankou, doing business as the Sparta Bread Company. From a decree holding certain claims debts of individual partner, not entitled to share with partnership debts in proceeds of receiver's sale, the Second National Bank of Washington, D. C., intervener, and John Barrell and another, administrators of Louis B. Barrell, deceased, appeal. Decree modified, affirmed in part, and reversed and remanded in part, with directions.

Alexander Wolf, Nathan Cayton, and Howard Boyd, all of Washington, D. C., for appellants.

A. D. Smith, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. In this case the lower court appointed receivers to take charge of a certain insolvent bakery business, which was finally sold under orders, and the proceeds brought into court for distribution among the creditors. After a reference to the auditor, and a report from him, the court entered a final order disposing of the fund arising from the sale. The appellants, The Second National Bank of Washington, D. C., and John Barrell and Altena Barrell, as administrators of the estate of Louis B. Barrell, deceased, were among those asserting claims as creditors, and they have appealed from the order of distribution.

It appears that on April 8, 1920, one George Peters was the sole owner of the bakery in question, and conducted it under the trade-name and style of the Sparta Bread Company. He became indebted to the Second National Bank in the sum of $1,015, and to Louis B. Barrell in the sum of $3,000, both of which debts were evidenced by promissory notes signed by Peters alone. On August 10, 1920, while so indebted, Peters executed a bill of sale to Michael Yankou, intending thereby to convey to him an undivided one-half interest in the property. The instrument as written purported to convey the entire property to Yankou, but the parties nevertheless proceeded upon the under-

standing that it conveyed only a one-half interest as intended. No effort was made at the time of the transfer to comply with the Sales in Bulk Law of the District of Columbia. 33 Stat. 555; D. C. Code, p. 457. On the day of the transfer, Peters and Yankou formed a copartnership, and continued the business as equal partners under the firm name of the Sparta Bread Company.

Afterwards Peters executed a chattel deed of trust upon his remaining one-half interest in the property, to secure the above-named promissory note for $3,000, owing by him to Louis B. Barrell. The note for $1,015, owing by Peters to the Second National Bank, was curtailed and renewed from time to time, finally resulting in a note payable to the bank in the sum of $600, dated December 27, 1920, signed by Peters, and indorsed by the Sparta Bread Company. These two notes are wholly unpaid. The firm composed of Peters and Yankou continued in business under the firm name of the Sparta Bread Company, from August 10, 1920, until January 18, 1921, in the meantime contracting various partnership debts, which also remain unpaid. Upon the latter date the court appointed the receivers, who afterwards made sale of the entire property as first above stated.

The claims aforesaid, together with others not involved in this appeal, were included in the reference made by the lower court to the auditor. The latter reported that the residue of the proceeds, after paying certain preferred claims, should be paid pro rata to the general partnership creditors of the firm of Peters & Yankou. He held furthermore that the note due to the Second National Bank was a debt of the firm, and was entitled to share as such in the distribution. He held, however, that the note due to Louis B. Barrell was not a debt of the firm, but of Peters alone.

The court below overruled the finding of the auditor in favor of the bank, and held that its claim, like that of Barrell, was not a partnership debt of Peters & Yankou, but was an individual debt of Peters alone. The court accordingly ruled that neither of these claims was entitled to be paid from the firm assets of Peters & Yankou, but only from such sum, if any, which would remain for Peters individually after the payment of the firm debts. This ruling practically excluded these claims from participation in the distribution, since the proceeds of the sale were not sufficient in amount to pay the general creditors of the firm. Thereupon the holders of the notes severally appealed to this court.

[1, 2] We think that the report of the auditor to the lower court was correct. The notes owing to Barrell and the bank were originally the individual obligations of Peters alone. After Peters sold the one-half interest in the business to Yankou, Barrell continued to look to Peters alone as his debtor, and accordingly obtained from him as security a chattel lien upon the undivided half interest which Peters had retained in the business. The bank, however, renewed its note, and secured the indorsement of the firm of Peters & Yankou thereon. It is true that Peters signed the firm name upon the renewal notes, but the presumption of law is that he was authorized to do so, as was held by the auditor, and there is nothing in the record to rebut this presumption. The note of the bank accordingly became a debt of the firm, whereas Barrell's note remained the individual debt of Peters alone.

It may be observed that neither Barrell nor the bank attempted to proceed under the Sales in Bulk Law against the transfer of the undivided one-half interest by Peters to Yankou. Both parties accepted it in pais without protest. It is therefore unnecessary for us to pass upon the question whether a transfer of an undivided interest is within the purview of the sales in bulk statute.

Accordingly the decree of the lower court is modified, being affirmed, except in respect to the claim of the Second National Bank, as to which it is reversed, and the cause is remanded, with directions that the bank's note shall be ordered paid pro rata with the other general partnership debts of the firm of Peters & Yankou, and that the costs of this appeal shall be paid from the proceeds in the hands of the receivers.